# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STEVEN ONDRACEK,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant.<br>_____/ | Case No. 1:15-cv-01308-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSAUNT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**(Doc. 25)** |

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Motion"). (Doc. 25.) For the reasons provided herein, the Court GRANTS this Motion. (*Id.*)

## I. BACKGROUND

Plaintiff filed this action on August 26, 2015 seeking judicial review of Defendant's final administrative decision denying Plaintiff's application for disability insurance benefits. (*See* Doc. 1.) In its order entered on February 22, 2017 (the "Order"), the Court reversed the final decision of the Commissioner of Social Security and remanded this matter for further administrative proceedings. (*See* Doc. 23.)

On May 23, 2017, Plaintiff filed the Motion, (Doc. 25), in which he requests $6,451.04 in attorneys' fees and costs pursuant to the Equal Access to Justice Act (the "EAJA"), (*see id.* at 6–9 (providing Plaintiff's request for $5,632.15 in attorneys' fees and costs); Doc. 28 at 6 (providing

Plaintiff's request for an additional $818.89 in attorneys' fees "for a total EAJA request of attorney fees and expenses in the amount of . . . $6,451.04").) Defendant filed their opposition brief on June 22, 2017, (Doc. 27), and Plaintiff filed his reply in support of the Motion on July 9, 2017, (Doc. 28). As such, Plaintiff's Motion is fully briefed and ready for disposition.

## II. LEGAL STANDARD

"[I]n reviewing claims for attorneys' fees, [the] basic point of reference is the American Rule," which "provides that the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010) (citations omitted). "The EAJA creates an exception to the American [R]ule," *id.*, and states the following, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In other words, the EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States, although fee-shifting is not mandatory." *Hardisty*, 592 F.3d at 1076 (citing *United States v. 313.34 Acres of Land*, 897 F.2d 1473, 1477 (9th Cir. 1989)).

"A 'party' under the EAJA is defined as including 'an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]'" *Ontiveros-Yarbrough v. Berryhill*, Case No. 1:15-cv-00798-SKO, 2017 WL 1476902, at *2 (E.D. Cal. Apr. 25, 2017) (quoting 28 U.S.C. § 2412(d)(2)(B)(i)). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citations omitted).

Further, "an application for fees and other expenses" is timely under the EAJA if "submit[ted] to the court" within "thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees

claims brought pursuant to the EAJA, . . . upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citation omitted).

### III. DISCUSSION

Plaintiff asserts, and Defendant does not contest, that Plaintiff is a prevailing party under the EAJA who timely submitted the Motion.[1] (*See* Doc. 25 at 4–5; Doc. 27.) Defendant's sole argument is that the Court should deny the Motion because the government's position was substantially justified. (*See* Doc. 27 at 2–7.) The Court shall first address Defendant's argument regarding substantial justification and, finding this argument lacking, then turn to the reasonableness of Plaintiff's request for attorneys' fees and costs.

### A. Substantial Justification

Defendant argues that "[t]he government was substantially justified both in the underlying action and in its litigation position before this Court." (Doc. 27 at 3.) The Court disagrees.

Under the EAJA, "substantial justification" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce*, 487 U.S. at 565). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258 (citing *Meinhold v. U.S. Dep't of Def.*, 123 F.3d 1275, 1277 (9th Cir. 1997) and *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991)).

"[T]he government's failure to prevail [in the civil action] does not raise a presumption that its position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (citation omitted). Nonetheless, "[g]iven the significant similarity between" the substantial evidence standard employed when reviewing a decision of an administrative law judge ("ALJ") "and the substantial justification standard, . . . a 'holding that the agency's decision . . . was

---

[1] On July 9, 2017, Plaintiff filed a Request to Consider Plaintiff's Reply Brief in Support of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act Timely (the "Request"), in which Plaintiff requests that the Court consider his reply in support of the Motion even though Plaintiff filed this brief one day late. (Doc. 29.) To date, Defendant has not filed an opposition to the Request. For good cause shown, the Court GRANTS the Request. (*Id.*) As such, the Court shall consider Plaintiff's reply in support of the Motion, (Doc. 28), as timely filed.

3

unsupported by substantial evidence is . . . a strong indication that the position of the [government] . . . was not substantially justified.'" *Meier*, 727 F.3d at 872 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). "Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (citation omitted).

In the substantial justification analysis, courts "first consider the underlying agency action"—*i.e.*, "the decision of the ALJ"—and then "the government's litigation position." *Meier*, 727 F.3d at 872; *see also id.* at 870 (stating that, "[i]n the social security context, . . . the ALJ's decision [is] the 'action or failure to act by the agency'" for purposes of the EAJA (citations omitted)). "The government's position must be substantially justified at each stage of the proceedings." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998)). Thus, if "the ALJ's decision was not supported by substantial evidence," courts "need not address whether the government's litigation position was justified." *Meier*, 727 F.3d at 872.

As the Court noted in its Order, the ALJ's decision was not supported by substantial evidence because they failed to provide valid clear and convincing reasons for finding that Plaintiff's testimony was not credible. (*See* Doc. 23 at 7–15.) This Court has noted that "[a]n ALJ's failure to correctly evaluate testimony and rendering of a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified." *Henshaw v. Colvin*, Case No. 1:14-cv-01788-SKO, 2016 WL 3648950, at *3 (E.D. Cal. July 6, 2016) (citation omitted); *see Knowles v. Colvin*, Case No. 1:14-cv-01657-SKO, 2016 WL 3407594, at *2 (E.D. Cal. June 20, 2016) (providing the same statement); *Brown v. Colvin*, Case No. 1:14-cv-01288-DAD-SKO, 2016 WL 3152634, at *2 (E.D. Cal. June 6, 2016) (same); *see also Henshaw*, 2016 WL 3648950, at *3 ("That the Commissioner believes her litigation position before the Court was substantially justified does not vitiate the error at the administrative level." (citing *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991))). The Court similarly finds in this case that the ALJ's errant credibility analysis and failure to render a

decision supported by substantial evidence is not substantially justified.[2] *See, e.g.*, *Meier*, 727 F.3d at 872 ("[A] 'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the [government] . . . was not substantially justified.'" (quoting *Thangaraja*, 428 F.3d at 874)). Consequently, Plaintiff is entitled to attorneys' fees and expenses under the EAJA.

**B.     Reasonable Attorneys' Fees and Costs**

The Court now turns to the appropriate amount of attorneys' fees and costs. Plaintiff requests total attorneys' fees and expenses of $6,451.04. (Doc. 28 at 6.) For the reasons that follow, the Court finds that the requested amount of fees and costs is reasonable.

"The term 'fees and other expenses' [under the EAJA] includes 'reasonable attorney fees.'" *Brown*, 2016 WL 3152634, at *1 (quoting 28 U.S.C. § 2412(d)(2)(A)). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (quoting 28 U.S.C. §§ 2412(d)(1)(C) & (d)(2)(D)).

Additionally, the EAJA provides a statutory hourly rate of $125 for attorneys' fees. *See* 28 U.S.C. § 2412(d)(2)(A). Nonetheless, the EAJA also "provides for an upward adjustment of the $125 rate contained in the statute . . . based on cost-of-living increases." *Thangaraja*, 428 F.3d at 876 (citing 28 U.S.C. § 2412(d)(2)(A) and *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001)). *See generally id.* at 876–77 ("Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers . . . for the years in which counsel's work was performed, and then dividing by the

---

[2] In their briefing, Defendant raises a series of arguments as to how the ALJ's stated reasons for finding Plaintiff's testimony not credible had a reasonable basis in fact and law. (*See* Doc. 27 at 3–7.) However, none of Defendant's arguments undercut the Court's exhaustive analysis on this topic in its Order. Instead, Defendant largely rehashes arguments they raised in their prior briefing and that the Court previously found unpersuasive. (*Compare id.* (Defendant's opposition to the Motion), *with* Doc. 21 at 8–11 (Defendant's opposition to Plaintiff's opening brief).) For the reasons fully explored by the Court in its Order, these arguments clearly lack merit to the extent Defendant defends the ALJ's step-four credibility determination. (*See* Doc. 23 at 7–15.) Simply put, Defendant has not demonstrated that there was a reasonable basis in fact or law for the ALJ's credibility determination and, consequently, the ALJ's decision was not substantially justified. *Cf. Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (stating that the government's position satisfies the substantially justified standard if it has "a reasonable basis both in law and fact" (citation omitted)).

[consumer price index] figure for March 1996, the effective date of [the] EAJA's $125 statutory rate."). "[T]he Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living." *Brown*, 2016 WL 3152634, at *3 n.1; *see also id.* (noting that the statutory maximum hourly rates authorized under the EAJA "are found on [the Ninth Circuit's] website: http://www.ca9.uscourts.gov/content/ view.php?pk_id=0000000039").

Determining the reasonable fee under the EAJA "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Instead, the district court must "consider[] the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989 (quoting *Hensley*, 461 U.S. at 437).

Here, Plaintiff's attorney obtained a reversal of the final decision of Defendant. (*See* Doc. 23 (constituting the Court's Order).) This is a positive outcome for Plaintiff. Additionally, there is no indication in the record as to any substandard performance by Plaintiff's counsel, or that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

As to the hourly rate, Plaintiff requests hourly rates that are consistent with the statutory maximum rates, as set forth by the Ninth Circuit. (*See, e.g.*, Doc. 25 at 6.) *See generally Statutory Maximum Rates Under the Equal Access to Justice Act*, United States Courts for the Ninth Circuit, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited on July 28, 2017) (providing "applicable statutory maximum hourly rates under [the] EAJA . . . adjusted for increases in the cost of living" of $190.28 for 2015, $192.68 for 2016, and $195.95 for the "[f]irst [h]alf" of 2017). The Court therefore finds that Plaintiff's requested hourly rates are reasonable. *See, e.g.*, *Ontiveros-Yarbrough v. Berryhill*, Case No. 1:15-cv-00798-SKO, 2017 WL 1476902, at *3 n.2 (E.D. Cal. Apr. 25, 2017) (finding that the requested rates were reasonable because they were "consistent with the statutory maximum rates as set forth by the Ninth Circuit").

Finally, regarding the number of hours, Plaintiff requests fees for a total of 33.65 hours. (*See* Doc. 25 at 6 (requesting 29.40 hours); Doc. 28 at 6 (requesting an additional 4.25 hours).) The figure of 33.65 hours is "well within the limit of what would be considered a reasonable time

spent on this action when compared to the time devoted to similar tasks by counsel in like [s]ocial [s]ecurity appeals before this [C]ourt." *Brown*, 2016 WL 3152634, at *3 (citations omitted); *see, e.g.*, *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." (citation omitted)); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000) ("[A] survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by [the] plaintiff's counsel falls within the approved range." (collecting cases)). Considering the procedural and administrative history of the case, the facts and nature of Plaintiff's appeal, and the size and scope of the record, the Court finds that the requested 33.65 hours represents a reasonable amount of time for an attorney to expend on this matter.[3]

In summary, the Court finds that Plaintiff is properly awarded fees under the EAJA for 33.65 total attorney hours at the statutory maximum rates provided by the Ninth Circuit. The Court therefore finds that Plaintiff shall be awarded the requested total attorneys' fees of $6,442.43[4] and costs of $8.61.[5]

//

//

---

[3] Absent any indication or assertion that Plaintiff's counsel padded their hours, the Court declines to conduct a line-by-line analysis of counsel's billing entries. *See, e.g.*, *Knowles v. Colvin*, Case No. 1:14-cv-01657-SKO, 2016 WL 3407594, at *3 (E.D. Cal. June 20, 2016) (declining to conduct a line-by-line analysis of the counsel's billing entries when awarding fees under the EAJA); *Brown v. Colvin*, Case No. 1:14-cv-01288, 2016 WL 3152634, at *3 (E.D. Cal. June 6, 2016) (same); *Vallejo v. Astrue*, No. 2:09–cv–03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (same). *See generally Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993) ("Absent any evidence of obvious 'padding' of hours that would lead the court to doubt the credibility of [the] plaintiff's application, the court will not conduct a line by line evaluation of the application.").

[4] The Court notes that Plaintiff's requested attorneys' fees and costs of $6,451.04 are slightly below the appropriate calculation. In particular, counsel's representation regarding the hours she spent on this matter in each year between 2015 and 2017 results in a total amount of fees and costs of $6,509.26—2.70 hours at the 2015 rate of $190.28 equals $513.76; 24.7 hours at the 2016 rate of $192.68 equals $4,759.20; 6.25 hours at the first half of 2017 rate of $195.95 equals $1,224.69; these three figures plus the $8.61 in costs results in a total of $6,509.26. Nonetheless, the Court declines to award an amount that is greater than the attorneys' fees and costs requested by Plaintiff.

[5] In addition to attorneys' fees, Plaintiff requests $8.61 in "postage expenses." (*See, e.g.*, Doc. 25 at 6.) These costs are reasonable and properly recoverable under the EAJA. *See, e.g.*, *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (finding that "[t]he district court's award of costs under" the "EAJA" was "proper" where the district court awarded "costs for telephone calls, postage, air courier and attorney travel expenses"); *Gentry v. Colvin*, No. 1:12–cv–01825–SKO, 2014 WL 3778248, at *6 (E.D. Cal. July 30, 2014) ("Mailing expenses in the amount of $19.80 are reasonable and properly awarded under the EAJA." (citations omitted)).

## IV. CONCLUSION

For the reasons provided above, the Court GRANTS Plaintiff's Motion, (Doc. 25), and ORDERS that Plaintiff is awarded $6,442.43 in attorneys' fees and $8.61 in costs for a total award of $6,451.04. The Court further ORDERS that this award shall be made payable to Plaintiff and mailed to the office of Plaintiff's counsel. *See, e.g.*, *Shreves v. Colvin*, No. CV–11–8076–PCT (BSB), 2013 WL 4010993, at *5 (D. Ariz. Aug. 6, 2013) ("[T]he Court declines to order *direct* payment to Plaintiff's attorney. However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.").

IT IS SO ORDERED.

Dated: __**August 9, 2017**__   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE